IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PAUL DWAYNE HUMPHREY § | |
| § | |
| V. § | A-14-CA-231-LY |
| § | |
| WILLIAM STEPHENS, Director, and § | |
| JONI WHITE, Assistant Director, Texas § | |
| Dept. of Criminal Justice-Correctional § | |
| Institutions Division § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Paul D. Humphrey's ("Humphrey") Application to Proceed *In Forma Pauperis* (Dkt. # 1), filed on March 17, 2014. The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing the financial information in Humphrey's Application, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Humphrey *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Humphrey is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court

at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in Humphrey's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.  SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Humphrey has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable

claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**A.   General Background**

On July 20, 1983, Humphrey was sentenced to a 25-year term of imprisonment for the state offense of aggravated robbery, enhanced by a prior felony conviction in Ohio. *State of Texas v. Humphrey*, No. 380046 (178th Dist. Ct. , Harris County, Tex. July 20, 1983). The Texas Court of Appeals for the Fourteenth Judicial District in Houston affirmed his conviction. *Humphrey v. State*, 681 S.W.2d 223 (Tex. App. Houston (14th Dist] 1984, pet. dism'd). Humphrey has filed four state applications for writ of habeas corpus, all of which have been denied. *See Order of Dismissal* in *Humphrey v. Johnson*, No. H:00-2113 (S.D. Tex. July 7, 2000). In addition, Humphrey has filed five federal petitions for habeas corpus under 28 U.S.C. § 2254, which were all ultimately denied.[1]

---

[1] *See* Cause Nos. 4:1986-cv-252; 4:1999-cv-4270; 4:2000-cv-2113; 4:2002-cv-00633; 4:2012-cv-2918, all in the United States District Court for the Southern District of Texas.

Humphrey has also filed numerous civil rights lawsuits under 42 U.S.C. § 1983, all of which were dismissed.[2] Humphrey was released from custody on January 29, 2013.

**B.    The Instant Case**

On March 17, 2014, Humphrey filed this action pursuant to 42 U.S.C. § 1983 against William Stephens, the Director of the Texas Department of Criminal Justice– Institutional Division ("TDCJ"), and Joni White, Assistant Director of TDCJ– Institutional Division ("Defendants") alleging that TDCJ miscalculated his mandatory release date in violation of his constitutional rights. Humphrey requests that the Court order the Defendants to pay him $200.00 for each day he was held after his alleged mandatory release date. After reviewing Humphrey's complaint and the applicable law, the Court concludes that his cause of action is frivolous and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Even assuming that Humphrey was released 14 days past his mandatory release date, this suit should still be dismissed because Humphrey is unable to recover monetary damages from the named defendants. Being sued in their official capacities for monetary damages, Defendants are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. *Pennhurst State School Hosp. v. Halderman*, 465 U.S. 89 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. *Port Auth. Trans-Hudson v. Feeney*, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. *Green v. State Bar of Texas*,

---

[2] *See* Cause Nos. 1:1995-cv-1882; 1:1996-cv-2622;1:1996-cv-801; 1:2003-cv-1632; 3:1995-cv-1785, all in the United States District Court for the Southern District of Texas.

27 F.3d 1083,1087 (5th Cir. 1994). As such, Humphrey is unable to recover monetary damages from the Defendants to the extent he sues them in their official capacities.

Insofar as Humphrey is seeking monetary damages against Defendants in their individual capacities for Humphrey's alleged illegal confinement, his claims must be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and the Fifth Circuit's application of *Heck* to state prisoner § 1983 lawsuits in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

The *Heck* bar applies even to former prisoners for whom the 28 U.S.C. § 2254 remedy is no longer available, if the plaintiff has failed to establish that other "procedural vehicle[s]" are lacking. *See Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied*, 532 U.S. 971. Humphrey has not made such a showing. Because Humphrey's sentence has not been overturned or otherwise invalidated, his claims are barred by *Heck*.

### III.  ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Humphrey *in forma pauperis* status (Dkt. No. 1). Service should be withheld pending the District Court's review of this recommendation. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants. The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 31st day of March, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE